UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| THOMAS W. FRAZIER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:15cv58 HEA |
|  | ) |  |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Acting Commissioner of | ) |  |
| Social Security Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401, *et seq*. and 1381,*et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On March 13, 2014, Administrative Law Judge Carol Boorady conducted a hearing. Plaintiff and the Vocational Expert both appeared. Plaintiff was born on February 4, 1958. He was 56 years old at the time of the hearing. Plaintiff did complete high school. He also attended Associated Training Services, a heavy

equipment school. Plaintiff had past work experience on heavy equipment operation, meat packing and sanitation.

Plaintiff testified that his carpal tunnel surgery resulted in making his left hand worse. Plaintiff testified that his carpal tunnel makes it difficult to write or hold silverware. Being left handed, he has had difficulty with his personal hygiene; he has had to switch from using his left hand to his right. It is difficult for Plaintiff to write and it takes him longer than usual.

Plaintiff resided with his mother. Plaintiff has Crohn's disease, diagnosed in 2006. He experiences cramping and diarrhea. He often has flare ups, and that the flare-ups seem to be occurring more often. Plaintiff has panic attacks which cause stress, which in turn causes his Crohn's to flare up. Plaintiff can lift five pounds, using a gallon of milk as an example. Plaintiff has osteoporosis, which also causes flare-ups of his Crohn's. He cannot work out because his doctor told him to be very careful not to break his bones. His lower back "goes out."

Plaintiff takes pain killers every day. Muscle relaxants are for when his back goes out. Plaintiff also uses Icy-Hot for his back flare-ups.

Plaintiff testified that his energy level is low. He cannot stand for longer than 10-15 minutes. He can walk from one end of Walmart to the other, but that is the most walking he does. He testified that he is in constant pain if his back is "out." He spends most of his time in a recliner if he is awake.

The ALJ also secured testimony of Denise Weaver, a Vocational Expert. The ALJ determined that Plaintiff was not entitled to a period of disability or Disability Insurance Benefits, nor was he entitled to Supplemental Security Income. The Appeals Council denied Plaintiff's request for review on July 14, 2015. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ's Residual Functional Capacity determination was not supported by the evidence and that the ALJ's credibility determination was patently erroneous.

**Standard for Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity since October 1. 2011. The ALJ found at Step Two that Plaintiff had the severe impairments of Crohn's disease and spinal spondylosis. The ALJ also set out her findings of non-severe impairments: Barrett's esophagus, osteoporosis, restless leg syndrome, myalgias, degenerative joint disease of the left hand, right trigger finger, dysthymia, anxiety, among the other conditions mentioned in the

evidence of record but not listed as severe. The ALJ thoroughly articulated her reasoning as to why these impairments were not severe.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 , and 416.926).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform a range of medium work, except that he can occasionally lift up to 50 pounds and frequently lift/carry up to 25 pounds with the non-dominant upper extremity. He is restricted to 30 pounds with the dominant upper extremity. Plaintiff can stand or walk 6 hours out of an 8-hour workday and sit 6 hours out of an 8-hour workday. He can occasionally climb ladders, ropes, scaffolds, ramps and stairs. He can occasionally stoop, kneel, crouch, and crawl.

At Step Four it was the finding of the ALJ that Plaintiff was capable of performing past relevant work as a an inspector general, production assembler and machine packager

Step Five the ALJ concluded that Plaintiff was not under a disability.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is

supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth

Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

Plaintiff asserts the ALJ did not follow Social Security Ruling 96-8p in her RFC decision because she failed to set forth a "narrative discussion describing how the evidence supports each conclusion" with specific citation to medical facts and nonmedical evidence.

Social Security Ruling 96–8p requires the ALJ to include in the decision "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non-medical evidence (e.g., daily activities, observations)." SSR 96–8p. In addition, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* An ALJ need not provide a narrative discussion immediately following each statement of an individual limitation in the RFC, if the Court can otherwise discern the elements of the ALJ's decision-making. *Depover v. Barnhart,* 349 F.3d 563, 567 (8th Cir.2003). Moreover, the ALJ is not required to make explicit findings for every aspect of the RFC, just for the conclusion reached. Social Security Ruling 96–8p. *See also, Tawfall v. Astrue,* 2010 WL 3781807, at *10 (E.D.Mo. Sept. 21, 2010).

In her opinion, the ALJ discussed Plaintiff's medical history of Crohn's disease, and spondylosis. She considered all of Plaintiff's other impairments and specifically detailed why she determined the non-severe impairments were so considered. She set out her conclusions regarding Plaintiff's limitations, explained why she found certain items of medical evidence in the record more persuasive than others, and discussed what evidence was lacking. Furthermore, while a claimant's RFC is a medical question, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir.2000). In this case, the ALJ properly considered Plaintiff's treatment compliance and noncompliance, self-reported activities of daily living, and his work history. In addition, the ALJ noted the lack of objective evidence to support the degree of limitation Plaintiff alleged as well as the lack of restrictions imposed on Plaintiff and the lack of hospitalizations. The ALJ also noted Plaintiff's failure to complete the Adult Function Report, which weighed against Plaintiff's credibility.

Review of the transcript, record evidence, and decision of the ALJ yields a conclusion wholly contrary to Plaintiff's position.

The record sets out the medical evidence upon which the ALJ relied.

The record here substantially supports the ALJ's RFC determination. Plaintiff was not hospitalized for his Crohn's until October, 2011, in spite of the

original diagnosis in 2006. Plaintiff reported in January, 2012 that he exercised five or more days per week and that he lifted weights.

When Plaintiff took prednisone for his Crohn's, his diarrhea subsided. His sporadic flares of the disease were treated with medications and in May, 2013, Plaintiff told his doctor he had had no bloody stools and did not want to change medications.

Plaintiff had full range of motion of all his extremities, in spite of tenderness to palpation. Plaintiff's medical findings are mostly normal, and his treatment was conservative.

Plaintiff contends that the ALJ failed to properly evaluate and set forth sufficient reasons for the credibility determination. Quite the contrary. The ALJ analyzed each of Plaintiff's activities and his ability to perform household tasks. Plaintiff admittedly could walk the length of a Walmart store, did not use the motorized carts and could drive, but did not have a car.

Plaintiff also argues that the ALJ's finding that Plaintiff exhibited drug seeking behavior, however, the ALJ pointed to inconsistencies in the record using narcotic pain medications and benzodiazepines, despite the conservative treatment and objective findings in the record.

The record shows low bone mass and x-ray showing osteoporosis, but the ALJ found, with support in the record that Plaintiff's osteoporosis was managed by

medication.  Moreover, there is no documentation in the record to support Plaintiff's claim that his doctors advised him to no longer work out or lift weights.

Each of the ALJ's findings and conclusions contain a specific basis for same.  The ALJ carefully considered all of the evidence before her, including Plaintiff's testimony of what activities he was capable of performing on a daily basis.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole.  The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).  The decision therefore must be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE